IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUAVA LLC, | CASE NO. 12-cv-08000 |
| Plaintiff, | |
| v. | Judge: Hon. John W. Darrah |
| Does 1-5, | Magistrate Judge: Hon. Young B. Kim |
| Defendants. | |

## PLAINTIFF'S MOTION TO STRIKE OBJECTION TO MOTION FOR EARLY DISCOVERY

Plaintiff, through the undersigned counsel, respectfully requests that the Court strike as untimely Movant's Objection to Plaintiff's Motion for Early Discovery. (ECF No. 18.) Movant filed an objection to Plaintiff's motion for early discovery several days after the deadline set by the Court. (*See* ECF No. 17.) Movant's attempts to further delay this action cause great prejudice to Plaintiff as the critical information Plaintiff seeks will be destroyed with the passage of time and Plaintiff continues to suffer ongoing harm. For these reasons the Court should strike Movant's Objection to Plaintiff's Motion for Early Discovery.

### FACTUAL BACKGROUND

Plaintiff filed its complaint on October 5, 2012 against five unknown individuals for computer fraud and abuse, civil conspiracy, conversion and negligence arising from unlawful computer-based breaches and data distribution. (ECF No. 1.) In order to identify the unknown Defendants, Plaintiff filed a motion for leave to issue subpoenas to relevant Internet Service Providers. (ECF No. 5.) The Court originally denied this request without prejudice on December

5, 2012 with leave to re-file. (ECF No. 9.) The next day, Plaintiff filed an amended discovery motion. (ECF No. 10.) The Court set forth a briefing schedule requiring any responses to Plaintiff's amended discovery motion to be submitted by February 7, 2013. (ECF No. 14.)

On February, 7, 2013, over two months after Plaintiff filed its amended discovery motion, Movant filed a motion for extension of time in which to respond to Plaintiff's amended discovery motion. (ECF No. 15.) The Court granted Movant's motion and held that Movant "shall file response on or before 2/21/13." (ECF No. 17.) Movant filed its response to Plaintiff's amended discovery motion on February 25, 2013, four days after the deadline set by the Court. (ECF No. 18.)

**ARGUMENT**

The Court should strike Movant's Objection to Plaintiff's Motion for Early Discovery. The Court set forth a firm deadline of February 21, 2013 for the filing of a response to Plaintiff's amended discovery motion. (ECF No. 17.) Movant filed its response to Plaintiff's amended discovery motion on February 25, 2013—a full four days after the deadline set by the Court. (ECF No. 18.) Movant previously moved for "an order granting a fourteen (14) day extension of time for the response to Plaintiff's motion to be filed." (ECF No. 15.) Even though the Court granted Movant's extension, Movant failed to file his response by the extended deadline. Plaintiff's amended discovery motion has been pending for over well over two months. (ECF No. 10.) Movant has had ample opportunity to timely file his response. Because he has failed to do so, the Court should strike his response to Plaintiff's motion.

Movant's multiple delays have caused Plaintiff great prejudice. As Plaintiff explained in its amended discovery motion, "time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time

before erasing the data." (ECF No. 10 at 5.) Plaintiff further explained that "[i]f that information is erased, Plaintiff will have no ability to identify the Defendants and their co-conspirators, and thus will be unable to pursue its lawsuit to seek damages for unauthorized access of its protected content and prevent future unauthorized access." (*Id.*) By further delaying this matter Movant has potentially prevented Plaintiff from being able to litigate its valid claims. Plaintiff should not be punished for Movant's failure.

Further, Plaintiff continues to suffer from harm due to the defendants' hacking activities. (*See id.* at 6) ("because hacking is ongoing and continuous, Plaintiff needs to discover the identities of Doe Defendants and his co-conspirators to take quick actions to prevent further irreparable harm."). The longer Movant delays the ability of Plaintiff to identify the individuals that hacked into its protected computer systems, the more harm will come to Plaintiff. As a result of the multiple prejudices caused by Movant's delay, the Court should strike Movant's late response to prevent any further prejudice.

## CONCLUSION

The Court should strike, as untimely, Movant's Objection to Plaintiff's Motion for Early Discovery. Movant filed an objection to Plaintiff's motion for early discovery several days after the deadline set by the Court. The delay caused by Movant has caused great prejudice to Plaintiff as the critical information Plaintiff seeks will be destroyed with the passage of time and Plaintiff continues to suffer ongoing harm.

[intentionally left blank]

Respectfully submitted,

Guava LLC

**DATED:** March 1, 2013

By: /s/ Paul A. Duffy
PAUL A. DUFFY (D.C. Bar #IL0014)
Prenda Law Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 1, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Paul A. Duffy
Paul A. Duffy, Esq.
