IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUAVA LLC, | CASE NO. 12-cv-08000 |
| Plaintiff, | Judge: Hon. John W. Darrah |
| v. | Magistrate Judge: Hon. Young B. Kim |
| Does 1-5, | |
| Defendants. | |

**PLAINTIFF'S REPLY TO MOVANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EARLY DISCOVERY**

An anonymous individual claiming to be "Defendant John Doe 1" (hereinafter "Movant") filed, through attorney Erin K. Russell, an objection to Plaintiff's *ex parte* application for leave to take expedited discovery. (ECF No. 18.) Movant argues that Plaintiff should not be permitted to identify the individuals that hacked into its protected computer systems. (*Id.*) Movant, however, does not demonstrate his prejudice is outweighed by Plaintiff's basic need for his identifying information. (*Id.*) Further, Movant's personal jurisdiction and venue arguments are premature at this stage of the litigation. (*Id.*) For the reasons set forth below, the Court should reject Movant's objection and grant Plaintiff's amended *ex parte* application for leave to take expedited discovery.

**ARGUMENT**

Movant's objection presents a unique situation regarding early discovery. Plaintiff is attempting to identify the defendants that hacked into its computer systems. (ECF No. 10.) Movant, claiming to be one of these defendants, voluntarily appeared in this action and

challenged Plaintiff's discovery attempt. (ECF No. 18.) Movant, however, does not identify himself or provide any evidence that he has standing to present arguments on behalf of an actual defendant. (*Id.*) Movant incongruously seeks all the protections and rights of a party, while also enjoying all of the strategic benefits of submitting arguments anonymously. Movant cannot have it both ways: either he should identify himself to the court as every other litigant is required to do or refrain from making arguments that are the exclusive domain of actual parties.

Regarding the substance of Movant's objection, whether or not early discovery should be granted is decided by weighing the need for the information against the prejudice of responding to the discovery request. *Semitool,* 208 F.R.D. at 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"); *Vance v. Rumsfeld*, No. 06-C-6964, 2007 WL 4557812, at *3 (N.D. Ill. Dec. 21, 2007) (balancing "[p]laintiffs' need for information relevant to this litigation against the undeniable hurdles of gathering discovery in Iraq during wartime"); *accord Lamar v. Hammel*, No. 08-02-MJR-CJP, 2008 WL 370697, at *3 (S.D. Ill. Feb. 11, 2008) ("This Court . . . will rely on considerations of need and fairness."); *IRC, LP v. McLean*, No. 09-189-JPG-CJP, 2009 WL 839043, at *2 (S.D. Ill. Mar. 31, 2009). As Plaintiff explains in its *ex parte* application to take discovery, the information it seeks is fundamental to the advancement of this case. (ECF No. 10 at 6) ("the present lawsuit simply cannot proceed without discovering the identities of the Defendants and their co-conspirators."). And courts routinely grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002); *Living Scriptures v. Doe(s)*, No. 10-cv-0182-DB, 2010 WL 4687679, at *1 (D.

Utah Nov. 10, 2010) (granting motion for expedited discovery of Doe Defendants because "without such information this case cannot commence").

Movant, on the other hand, does not even attempt to argue that responding to Plaintiff's discovery request prejudices him. (*See generally* ECF No. 18.) Nor could he, as Plaintiff seeks discovery from Internet Service Providers and not individual subscribers. (ECF No. 10.) Instead, Movant argues that Plaintiff originally sought this information in a different case. (ECF No. 18 at 1-4.) Movant does not attempt to explain why this is improper or how it is relevant to the legal standards governing expedited discovery. (*Id.*) Instead, Movant advances three legal arguments in support of his objection. First, Movant argues that Plaintiff has not established that the Court has personal jurisdiction over him. Second, Movant argues that Plaintiff cannot undertake discovery to find jurisdictional facts. Third, Movant argues that venue for the action has not been properly pleaded. Plaintiff addresses each of these arguments in further detail below.

**A. Plaintiff is Not Required to Establish Personal Jurisdiction at this Stage of the Litigation**

Movant's first argument is that "Plaintiff has not met its burden to establish that this Court has personal jurisdiction over the vast majority of the Defendants." (ECF No. 18 at 7.) There is no requirement that Plaintiff plead or otherwise establish personal jurisdiction at this stage of litigation. *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009) ("[A] plaintiff need not anticipate a personal jurisdiction challenge in its complaint."); *Blackmore v. Lacosse*, No. 85-C-6325, 1985 WL 5052, at *2 (N.D. Ill. Dec. 17, 1985) ("Although some states, including Illinois, require plaintiffs to allege in their complaints facts sufficient to support personal jurisdiction over the defendants . . . such allegations are unnecessary in the federal courts."); *Caribbean Broadcasting System v. Cable & Wireless*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) ("To be sure, [the plaintiff] had no obligation to make specific

allegations relevant to personal jurisdiction in its complaint because lack of personal jurisdiction is an affirmative defense and so must be raised by the defendant. . . . [Plaintiff's] obligation to make some allegations relating to personal jurisdiction arose, therefore, only after [the defendant] had filed its motion to dismiss and supporting affidavit."). Indeed, it would be impossible for Plaintiff to establish personal jurisdiction of the defendants at this time because Plaintiff does not even know who they are.

Courts routinely deny challenges to personal jurisdiction at this stage of the litigation, because they have limited means to evaluate the defendants' connections with the forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3; *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The proper time for a person to raise personal jurisdiction arguments is only if and when he or she is named and served as a defendant. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770

F.Supp. 2d 332, 3467 (D.D.C. 2011) ("When the defendants are named, they will have the opportunity to file appropriate motions challenging the Court's jurisdiction and that will be the appropriate time to consider this issue."). Until that time, however, Movant's personal jurisdiction arguments are premature.

### B. Plaintiff is Not Seeking Jurisdictional Discovery

Movant's second argument is that Plaintiff cannot undertake discovery to find jurisdictional facts. (ECF No. 18 at 8.) Movant and the cases he cites are referring to jurisdictional discovery. (*Id.*) Requests for jurisdictional discovery are made in response to motions to dismiss for lack of personal jurisdiction brought by named and served defendants. *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 877 (7th Cir. 2006) (explaining that jurisdictional discovery is allowed in response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (explaining that a personal jurisdiction inquiry is necessary when analyzing a request for jurisdictional discovery once "personal jurisdiction is properly challenged under Rule 12(b)(2)."). Because no motions to dismiss have been filed in this case, Plaintiff is not engaging in jurisdictional discovery or seeking jurisdictional facts. As a result, Movant's jurisdictional discovery arguments are not relevant to whether or not Plaintiff may identify the John Doe Defendants.

### C. Movant's Venue Arguments are Premature

Movant's final argument is that Plaintiff has not properly established that venue is proper. Like his personal jurisdiction arguments, Movant's venue arguments are premature before any defendants are named and served. *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *1 ("[movant's] assertion of improper venue and/or inconvenient forum

may have merit but, at this juncture of the proceedings, is premature."); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *8 ("with regard to the putative defendants' jurisdictional, venue, and merits arguments, these positions are without merit because the putative defendants are not named as defendants in this lawsuit, and they may never be named as defendants in this lawsuit."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action . . . . These arguments are premature.").

## CONCLUSION

Movant objects to Plaintiff's attempts to identify the individuals that hacked into its computer systems. This information is essential to Plaintiff's case and the case cannot proceed without it. Movant does not demonstrate that responding to Plaintiff's discovery request prejudices him. And Movant's personal jurisdiction and venue arguments are premature. For these reasons, the Court should reject Movant's objection and grant Plaintiff's request to take early discovery.

Respectfully submitted,

Guava LLC

**DATED:** April 18, 2013

By: /s/ Paul A. Duffy
PAUL A. DUFFY (D.C. Bar #IL0014)
Prenda Law Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 18, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Paul A. Duffy
Paul A. Duffy, Esq.